**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

**JUDGE RAKOFF**

| | |
|---|---|
| **UNIFIED MESSAGING SOLUTIONS LLC,** | |
| Plaintiff, | Civil Action No. **12 CIV 3616** |
| v. | **JURY TRIAL DEMANDED** |
| **AMERICAN EXPRESS COMPANY,** | |
| Defendant. | |

RECEIVED
MAY - 7 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Unified Messaging Solutions LLC files this Complaint against American Express Company for infringement of U.S. Patent No. 6,857,074 ("the '074 patent"), U.S. Patent No. 7,836,141 ("the '141 patent"), U.S. Patent No. 7,895,306 ("the '306 patent"), U.S. Patent No. 7,895,313 ("the '313 patent"), and/or U.S. Patent No. 7,934,148 ("the '148 patent").

### THE PARTIES

1.      Unified Messaging Solutions LLC ("Unified Messaging") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

2.      American Express Company ("American Express") is a New York corporation with its principal place of business in New York, New York. American Express may be served with process through its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York 10011. American Express does business in the State of New York and in the Southern District of New York.

## JURISDICTION AND VENUE

3.      Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, American Express is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

6.      American Express is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the New York Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to New York residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,857,074)

7.      Unified Messaging incorporates paragraphs 1 through 6 herein by reference.

8.      Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '074 patent is attached as Exhibit A.

9.      The '074 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

10.     American Express has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '074 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 2 and 4, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via its website(s) and/or attendant web server(s).

11.     More particularly, American Express has committed direct infringements as alleged in Count I at least through operation of its Secure Message Center available to its credit card customers accessible through its websites, including www.americanexpress.com.

12.     Unified Messaging has been damaged as a result of American Express' infringing conduct described in this Count I.  American Express is, thus, liable to Unified Messaging in an amount that adequately compensates it for American Express' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,836,141)

13.     Unified Messaging incorporates paragraphs 1 through 12 herein by reference.

14.     Unified Messaging is the exclusive licensee of the '141 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '141 patent, including the right exclude others and to enforce, sue and recover

3

damages for past and future infringement.  A true and correct copy of the '141 patent is attached as Exhibit B.

15.      The '141 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

16.      American Express has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '141 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 14, 18-22, 24, 29, and 30, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via its website(s) and/or attendant web server(s).

17.      More particularly, American Express has committed direct infringements as alleged in Count II at least through operation of its Secure Message Center available to its credit card customers accessible through its websites, including www.americanexpress.com.

18.      Unified Messaging has been damaged as a result of American Express' infringing conduct described in this Count II.  American Express is, thus, liable to Unified Messaging in an amount that adequately compensates it for American Express' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,895,306)

19.      Unified Messaging incorporates paragraphs 1 through 18 herein by reference.

20.     Unified Messaging is the exclusive licensee of the '306 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '306 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '306 patent is attached as Exhibit C.

21.     The '306 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

22.     American Express has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '306 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 5, 8, 24, 25, 37, 38 and 40, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via its website(s) and/or attendant web server(s).

23.     More particularly, American Express has committed direct infringements as alleged in Count III at least through operation of its Secure Message Center available to its credit card customers accessible through its websites, including www.americanexpress.com.

24.     Unified Messaging has been damaged as a result of American Express' infringing conduct described in this Count III.  American Express is, thus, liable to Unified Messaging in an amount that adequately compensates it for American Express' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 7,895,313)

25.     Unified Messaging incorporates paragraphs 1 through 24 herein by reference.

26.     Unified Messaging is the exclusive licensee of the '313 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '313 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '313 patent is attached as Exhibit D.

27.     The '313 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

28.     American Express has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '313 patent in this judicial district and elsewhere in New York and the United States, including at least claims 10 and 11, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via its website(s) and/or attendant web server(s).

29.     More particularly, American Express has committed direct infringements as alleged in Count IV at least through operation of its Secure Message Center available to its credit card customers accessible through its websites, including www.americanexpress.com.

30.     Unified Messaging has been damaged as a result of American Express' infringing conduct described in this Count IV.  American Express is, thus, liable to Unified Messaging in an amount that adequately compensates it for American Express' infringements, which, by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

31.     Unified Messaging incorporates paragraphs 1 through 30 herein by reference.

32.     Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '148 patent is attached as Exhibit E.

33.     The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

34.     American Express has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '148 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 7-8, 11, 13, 34, 36, 57, 65, 84, 90-91, 96, 114, 135, 138, 140, 142, 146, 154 and 173, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via its website(s) and/or attendant web server(s).

35.     More particularly, American Express has committed direct infringements as alleged in Count V at least through operation of its Secure Message Center and the Recent

Billing Statements feature available to its credit card customers accessible through its websites, including www.americanexpress.com.

36.     Unified Messaging has been damaged as a result of American Express' infringing conduct described in this Count V.  American Express is, thus, liable to Unified Messaging in an amount that adequately compensates it for American Express' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Unified Messaging requests that the Court find in its favor and against American Express, and that the Court grant Unified Messaging the following relief:

a.     Judgment that one or more claims of the '074, '141, '306, '313, and '148 patents have been infringed, either literally and/or under the doctrine of equivalents, by American Express;

b.     Judgment that American Express account for and pay to Unified Messaging all damages to and costs incurred by Unified Messaging because of American Express' infringing activities and other conduct complained of herein;

c.     Judgment that American Express account for and pay to Unified Messaging a reasonable, on-going, post-judgment royalty because of American Express' infringing activities and other conduct complained of herein;

d.     That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by American Express' infringing activities and other conduct complained of herein; and

e.     That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  May 7, 2012**

Respectfully submitted,

/s/

Steven M. Hayes
HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYS LLP
112 Madison Avenue
New York, NY 10016-7416
(212) 784-6400 main
(212) 213-5949 fax
shayes@hanlyconroy.com


Edward R. Nelson, III (*pro hac vice*)
Texas State Bar No. 00797142
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
enelson@nbclaw.net

**Attorneys for Plaintiff
Unified Messaging Solutions LLC**

9