IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| **UNIFIED MESSAGING SOLUTIONS, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **AMERICAN EXPRESS COMPANY,** <br><br> Defendant. | Civil Action No. 12-civ-3616-JSR <br><br> **Jury Trial Demanded** |

**AMERICAN EXPRESS COMPANY'S ANSWER,
AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

For its Answer, Affirmative Defenses, and Demand for Jury Trial in response to Plaintiff Unified Messaging Solutions, LLC's ("UMS's") Complaint in this civil action (the "Complaint"), Defendant American Express Company ("American Express"), by and through its attorneys, hereby states as follows.

**ANSWER**

1.      American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and, therefore, denies them on that basis.

2.      American Express admits the allegations of Paragraph 2 of the Complaint.

3.      American Express admits that UMS purports to bring an action for patent infringement under the patent laws of the United States, but denies that there is any factual or legal basis for any such action.

4.       American Express admits that this Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  American Express denies the remaining allegations in Paragraph 4 of the Complaint.

5.       American Express admits that it resides in this judicial district and that, as a result, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).  American Express denies that it has committed any acts of infringement, whether in this judicial district or any other judicial district, and therefore denies any allegation that venue is proper in this judicial district based on the location of any alleged acts of infringement.  To the extent Paragraph 5 of the Complaint contains any other or different allegations, American Express denies them.

6.       American Express admits that it is subject to this Court's personal jurisdiction with respect to this civil action.  American Express denies that it has committed any acts of infringement, whether in this judicial district or any other judicial district, and therefore denies any allegation that personal jurisdiction is proper in this Court based on the location of any alleged acts of infringement.  To the extent Paragraph 6 of the Complaint contains any other or different allegations, American Express denies them.

7.       American Express repeats, as if fully set forth herein, its responses to Paragraphs 1 through 6 of the Complaint set forth above.

8.       American Express admits that U.S. Patent No. 6,857,074 (the "'074 patent") is titled "Systems and Methods for Storing, Delivering, and Managing Messages."  American Express further admits that UMS purports to have attached a true and correct copy of the '074 patent as Exhibit A to the Complaint.  American Express is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Complaint and, therefore, denies them on that basis.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. American Express repeats, as if fully set forth herein, its responses to Paragraphs 1 through 12 of the Complaint set forth above.

14. American Express admits that U.S. Patent No. 7,836,141 (the "'141 patent") is titled "Systems and Methods for Storing, Delivering, and Managing Messages." American Express further admits that UMS purports to have attached a true and correct copy of the '141 patent as Exhibit B to the Complaint. American Express is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 of the Complaint and, therefore, denies them on that basis.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. American Express repeats, as if fully set forth herein, its responses to Paragraphs 1 through 18 of the Complaint set forth above.

20. American Express admits that U.S. Patent No. 7,895,306 (the "'306 patent") is titled "Systems and Methods for Storing, Delivering, and Managing Messages." American Express further admits that UMS purports to have attached a true and correct copy of the '306 patent as Exhibit C to the Complaint. American Express is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations of Paragraph 20 of the Complaint and, therefore, denies them on that basis.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. American Express repeats, as if fully set forth herein, its responses to Paragraphs 1 through 24 of the Complaint set forth above.

26. American Express admits that U.S. Patent No. 7,895,313 (the "'313 patent") is titled "Systems and Methods for Storing, Delivering, and Managing Messages." American Express further admits that UMS purports to have attached a true and correct copy of the '313 patent as Exhibit D to the Complaint. American Express is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Complaint and, therefore, denies them on that basis.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. American Express repeats, as if fully set forth herein, its responses to Paragraphs 1 through 30 of the Complaint set forth above.

32. American Express admits that U.S. Patent No. 7,934,148 (the "'148 patent") is titled "Systems and Methods for Storing, Delivering, and Managing Messages." American Express further admits that UMS purports to have attached a true and correct copy of the '148 patent as Exhibit E to

the Complaint. American Express is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 of the Complaint and, therefore, denies them on that basis.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## ANSWER TO UMS'S PRAYER FOR RELIEF

American Express denies that UMS is entitled to any relief whatsoever, whether as sought in its Prayer For Relief or otherwise, in connection with this civil action.

## GENERAL DENIAL

American Express denies every allegation in UMS's Complaint that was not specifically admitted above.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, and undertaking the burden of proof with respect to such Affirmative Defenses only to the extent required by law, American Express hereby states as follows.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

UMS's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

American Express does not infringe and has not infringed, directly or indirectly, any claim of any of the '074, '141, '306, '313, and '148 patents, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity Pursuant To Part II Of Title 35)

Each asserted claim of the '074, '141, '306, '313, and '148 patents is invalid for failure to meet one or more of the conditions for patentability specified in Part II of Title 35, specifically including 35 U.S.C. §§ 101, 102, and/or 103.  For example, each asserted claim of the '074, '141, '306, '313, and '148 patents is invalid under 35 U.S.C. §§ 102 and/or 103 in light of, among other prior art references, U.S. Patent Nos. 5,715,314; 6,233,318; 5,608,786; "Toward Effective Conversational Messaging," Matthew Talin Marx, May 12, 1995; Mailcall webmail system, Matthew Marx, November 1994; WebMail 1.0, Luca Manunza, March 22, 1995; Webex Mail Client, Matt Mankins, April 1995; "Dynamic Documents: Mobile Wireless Access to the WWW," Kaashoek, Pinckney, and Tauber, December 1994; and "Dynamic Documents: Extensibility and Adaptability in the WWW," Kaashoek, Pinckney, and Tauber, September 1994.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity Pursuant To 35 U.S.C. § 112)

Each asserted claim of the '074, '141, '306, '313, and '148 patents is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 112.  For example, the term "the mark-up language file" in Claim 1 of the '148 Patent is invalid under 35 U.S.C. § 112 because it is indefinite.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

UMS's claims are barred, in whole or in part, under the principles of equity, including unclean hands, estoppel, laches, and/or waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

UMS's claims are barred, in whole or in part, based on prosecution history estoppel. For example, the Applicant amended Claim 1 of the '306 Patent to avoid prior art cited by the Examiner during prosecution. UMS is estopped from reclaiming the subject matter surrendered by that amendment in this civil action.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Limitations On Damages And Costs)**

UMS's claims for relief and prayer for damages are limited by 35 U.S.C. § 287 because, on information and belief, UMS has failed to mark products incorporating the '074, '141, '306, '313, and/or '148 patented technology that it has sold or licensed within the United States and otherwise failed to provide any actual notice to American Express. UMS is further barred by 35 U.S.C. § 288 from recovering any costs associated with its action. To the extent UMS seeks damages for alleged infringement more than six years prior to the filing of this civil action, its claims are barred by the statute of limitations under 35 U.S.C. § 286.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack Of Standing)**

Upon information and belief, UMS does not have the full right, title, and interest in the '074, '141, '306, '148, and '313 patents, and therefore UMS's claims are barred, in whole or in part, because UMS lacks standing to assert such claims.

## NINTH AFFIRMATIVE DEFENSE

### (No Entitlement To Injunctive Relief)

UMS is not entitled to any injunctive relief in connection with this action. UMS has, at a minimum, suffered no irreparable injury and has an adequate remedy at law. For example, UMS has licensed the patents asserted in this action to third parties, confirming that monetary damages would be adequate to compensate UMS for any alleged patent infringement.

American Express reserves the right to assert additional affirmative defenses that become available or appear during discovery proceedings in this action and reserves the right to amend its Answer And Affirmative Defenses for the purpose of asserting any such additional affirmative defense.

## AMERICAN EXPRESS'S PRAYER FOR RELIEF

WHEREFORE, American Express prays for judgment in its favor and against UMS as follows:

A. That UMS take nothing by its Complaint;

B. That the Court enter judgment against UMS and in favor of American Express and that the Complaint in this action be dismissed in its entirety, with prejudice;

C. That the Court deem this an exceptional case under 35 U.S.C. § 285 and award American Express its costs and reasonable attorneys' fees; and

D. That the Court award American Express any and all other and further relief that the Court deems just and proper.

## **JURY DEMAND**

American Express respectfully demands a jury trial on all the issues so triable.

DATED:  June 12, 2012	Respectfully submitted,

By */s/ Peter J. Armenio*

QUINN EMANUEL
URQUHART & SULLIVAN, LLP

Peter J. Armenio
peterarmenio@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

*Attorney for Defendant American Express Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of this document via the Court's CM/ECF system on June 12, 2012.

By */s/ Matthew D. Robson*
Matthew D. Robson